IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**JOHN W. HENSON,**

    **Petitioner,**

**v.**                                           **Case No. 5:07-cv-00251**

**T.R. CRAIG, Warden,**
**FCI Beckley,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 15, 2007, the Clerk's Office received a transferred file from the United States District Court for the Central District of Illinois, where Petitioner was convicted. The Illinois court determined that a document filed by Petitioner, entitled "Motion for Clarity," should be considered as an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition)(docket sheet document # 6). Petitioner is presently incarcerated at FCI Beckley, in Beaver, West Virginia. Thus, this court has jurisdiction over Petitioner's custodian.

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner is currently serving a 165-month term of imprisonment, imposed on August 19, 1994, by the United States District Court for the Central District of Illinois, for Kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and for Possession of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (# 15, Ex. 1, Attach. A, Judgment and Commitment Order, entered on August 23, 1994). Petitioner has filed this petition for a writ of habeas corpus asserting that his federal sentence should have been run concurrently with a subsequently imposed state sentence, and that he should be released from custody. A brief explanation of the procedural history of Petitioner's criminal cases will be helpful.[1]

On August 19, 1994, Petitioner was sentenced by the United States District Court for the Central District of Illinois as discussed above. Petitioner's Judgment Order was silent as to how Petitioner's sentence would run in relation to his then yet to be imposed state sentence.

Contrary to Petitioner's assertion in his section 2241 petition, at the time of his federal sentencing, Petitioner was under the primary jurisdiction of Illinois state authorities and was borrowed by the federal authorities on a writ of habeas corpus

---

[1] This information is taken from Respondent's Response to the undersigned's Order to Show Cause (# 15).

ad prosequendum. (# 15, Ex. 1, ¶ 5). Petitioner was returned to state custody following his federal sentencing, and a detainer was lodged against him by the United States Marshals Service. (Id., ¶ 7).

On August 29, 1994, Petitioner was sentenced in the Circuit Court of Tazewell County, Illinois to a 25-year term of imprisonment for Home Invasion. (Id., ¶ 8). Petitioner's state sentence was ordered to run concurrently to his federal sentence. (Id.)

Petitioner remained in state custody until he completed his state sentence on July 6, 2005. (Id., ¶ 9). On that date, Petitioner was taken into federal custody to serve his 165-month sentence. (Id.) Petitioner's projected satisfaction date, including consideration of good conduct credit, is June 28, 2017. (Id., ¶ 19).

On December 5, 2007, the undersigned entered an Order to Show Cause (# 11), directing that Respondent file a response to the section 2241 petition, including a discussion of whether Petitioner had exhausted his administrative remedies concerning his claim, by December 28, 2007. Petitioner was also given an opportunity to reply by January 15, 2008. (Id.)

On December 28, 2007, Respondent filed his Response to Order to Show Cause, asserting that Petitioner has not exhausted all of the available administrative remedies concerning his claim, and

3

that Petitioner is not entitled to habeas corpus relief.  (# 15).  Petitioner did not file a reply.  This matter is ripe for determination.

## ANALYSIS

According to Petitioner's section 2241 petition, Petitioner was under the mistaken belief that he was in primary federal custody following his federal sentencing when, in fact, he was still in primary state custody.  Petitioner's section 2241 petition states:

> After completion of the sentence in state court Petitioner was under the understanding that he was going to be free once again.  Subsequently, Petitioner was taken into the custody of the Bureau of Prisons to serve the sentence imposed in the case at bar, and told due to the record remaining silent that all time in this case was to be served consecutive to all other sentences.

(# 6 at 5).  Petitioner also contends that, due to his age and his health, being required to serve his full federal sentence is equivalent to a death sentence.  (Id. at 6-7).

**A.   Petitioner did not exhaust his administrative remedies.**

Attached to Petitioner's petition are documents concerning his federal sentence computation, a copy of his state court judgment, and copies of administrative remedy documents, which indicate that Petitioner did file a Request for Administrative Remedy (REM. ID. NO. BEC-432305-F1) at the facility level, which was denied.  The denial letter states:

> Your request for Administrative Remedy received October 31, 2006, regarding jail credit, has been reviewed.

4

>    Specifically, you contend you are entitled to Barden credit as the 25-year state sentence imposed in the Tenth Judicial Circuit of Illinois, Tazewell County, was ordered concurrent to the federal sentence.
>
>    The credit which you request is precluded under Title 18 U.S.C. § 3585(b) at this time. Your request has been forwarded to the Designation and Sentence Computation Center (DSCC) for a review and determination in accordance with Bureau of Prisons' Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>. You will be advised of the Bureau of Prisons' determination upon completion of the review.
>
>    Based on the above facts, I can find no basis for further administrative action. Your request for administrative relief is denied. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.
>
>    11/15/06            Charles T. Felts, Warden

(# 6, Ex. 3).

According to Respondent's Response, Petitioner did not appeal the denial of his administrative remedy to either the Regional or Central Offices. (# 15 at 4)[2]. Thus, Petitioner has not exhausted his administrative remedies concerning the claim raised in his section 2241 petition. As noted by Respondent, all habeas petitioners are required to exhaust their administrative remedies

---

[2] Respondent also notes that Petitioner filed another Request for Administrative Remedy (REM. ID. NO. 420740-F1) at the institutional level on July 19, 2006, requesting <u>Barden</u> credit and release from custody. According to Respondent, that administrative remedy was closed on August 3, 2006, and an informational response was provided to Petitioner, but he did not further appeal that administrative remedy either. (# 15 at 4; Ex. 1 at ¶¶ 11-12).

before petitioning the court for habeas corpus relief.  See <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 634 (2d Cir. 2001); <u>McClung v. Shearin</u>, 90 Fed. Appx. 444, 445 (4th Cir., Feb. 6, 2004)(unpublished)("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.")

Petitioner's only statement in his petition concerning the failure to exhaust is that "the DSCC will not be able to address Petitioner's claim since the Bureau of Prisons are [sic; is] not at fault."  (# 6 at 6).  Respondent has interpreted this statement as an attempt by Petitioner to claim that exhaustion of administrative remedies is futile.  (# 15 at 5 n.1).  However, Respondent contends that "the Bureau of Prisons does have authority to consider a <u>nunc pro tunc</u> designation, and as previously shown, the DSCC did address and analyze Petitioner's request, even contacting his federal sentencing judge for input on the request."  (<u>Id.</u>)

Based upon this information, the undersigned proposes that the presiding District Judge **FIND** that Petitioner failed to exhaust his administrative remedies before filing the instant section 2241 petition, and that the exhaustion process was not futile.

  **B.**  **Petitioner is not entitled to a <u>nunc pro tunc</u> designation.**

Even if the court were to reach the merits of Petitioner's claim, Petitioner is not entitled to habeas corpus relief.  The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term</u>

<u>of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). However, under certain circumstances, the Attorney General or the Bureau of Prisons, may designate that a federal sentence commence while the prisoner is in state custody. See <u>United States v. Evans</u>, 159 F.3d 908, 911-912 (4th Cir. 1998)(a prisoner in state custody may have his federal sentence commence to run "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence.") This process is known as a "<u>nunc pro tunc</u> designation."

Respondent's Response to the Order to Show Cause asserts that Petitioner's federal sentence commenced on July 6, 2005, when his state sentence expired, and that "[a]ny contention that Petitioner's federal sentence commenced earlier is without merit." (# 15 at 5). The Response further states:

> Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction. The basic principle of primary jurisdiction was explained in <u>United States v. Smith</u>:
>
>> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted

7

> until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .
>
> United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993)(quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. See United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)(Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence.)

(Id. at 3-4). Respondent asserts that the State of Illinois had primary jurisdiction over Petitioner, and did not relinquish that primary jurisdiction until Petitioner was released on July 6, 2005. (Id. at 6-7).

Respondent further asserts that a nunc pro tunc designation is not appropriate in Petitioner's case. As noted by Respondent, in accordance with the holding in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990), the BOP must consider an inmate's request for a nunc pro tunc designation of his state and federal sentences, considering the factors set forth in 18 U.S.C. § 3621(b), but the BOP is not obligated to grant such a designation. (Id. at 7).

Petitioner requested a nunc pro tunc designation, which was denied by the BOP. (# 15 at 8 and Ex. 1, ¶¶ 13, 18, and Attach. C). In the process of making this determination, the BOP contacted the United States District Court for the Central District of

Illinois to inquire of Petitioner's sentencing judge for his position on a nunc pro tunc designation. (Id. at 8 and Ex. 1, ¶ 16). The Honorable Joe Billy McDade responded to the Bureau's inquiry by letter dated May 15, 2007, stating that he believed that a nunc pro tunc designation was inappropriate. (Id. at 8-9 and Ex. 1, ¶ 17, and Attach. D).

Respondent contends that, under 18 U.S.C. § 3584(a), where terms of imprisonment are imposed on a defendant at different times, the terms are to run consecutively, unless the court orders that the terms run concurrently. See United States v. Saunders, No. 96-4932, 1998 WL 539482 (4th Cir., Aug. 25, 1998), cert. denied, 526 U.S. 1011 (1999)(attached to Respondent's Response)(in accordance with section 3584(a), where state and federal terms are imposed on different occasions and federal sentence is not specified as consecutive or concurrent, federal sentence is consecutive to state sentence). (Id. at 8).

The undersigned has located case law holding that a federal court is without authority to order that a federal sentence be run consecutively to a then yet to be imposed state sentence. See United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006). However, that does not change the fact that, because Petitioner was in the primary custody of state authorities, his federal sentence did not begin to run until he was released on parole by the state authorities and taken into federal custody, absent a discretionary

nunc pro tunc designation by the BOP. It is not this court's province to review the discretionary decisions of the BOP.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's request for a nunc pro tunc designation was properly considered and was denied under the BOP's discretion, and that Petitioner is not in custody in violation of the Constitution, laws or treaties of the United States and, thus, is not entitled to habeas corpus relief under 28 U.S.C. § 2241. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Application under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (# 2) and dismiss this matter from the court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for

good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and counsel of record.

    April 30, 2008
        Date

                Mary E. Stanley
                United States Magistrate Judge